IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE MAURICE JONES, #17853-084, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-860-SMY |
| | ) |
| DANIEL SPROUL, Warden, USP Marion, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ronnie Maurice Jones, a federal prisoner currently incarcerated at Marion USP ("Marion") brings this habeas action pursuant to 28 U.S.C. § 2241 (Doc. 1). Jones alleges he was denied due process in two prison disciplinary proceedings which resulted in a loss of good conduct credit. He also filed a Motion to Consolidate (Doc. 2).[1]

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Given the limited record, it is not plainly apparent that Jones is not

---

[1] Jones claims he was denied due process in two disciplinary proceedings, but there are not separate § 2241 petitions that can be consolidated. Accordingly, Petitioner's Motion to Consolidate (Doc. 2) is **DENIED**.

entitled to habeas relief. Without commenting on the merits, the Court concludes that the Petition survives preliminary review, and a response shall be ordered.

Accordingly, **Respondent shall answer or otherwise plead on or before June 22, 2024**. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 22, 2024**

                                          **STACI M. YANDLE**
                                          **United States District Judge**